**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID MOSS, *Plaintiff*, v. JEANNE E. MOSS, et al., *Defendants*. | Civil Action No. 24-5753 **OPINION** September 23, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants New Jersey Judiciary Probation Services Division, Child Support Enforcement Unit, and the Superior Court of New Jersey, Union Vicinage Probation Division, as well as Union Vicinage Chief Probation Officer Jennifer Edwards, Assistant Chief Probation Officers Edward Russo and Victoria Gray, and Trial Court Administrator Devang Merchant's (collectively, the "Judiciary Defendants") motion to dismiss Plaintiff David Moss's complaint. (ECF 8, "Motion" or "Mot."; ECF 1, "Complaint" or "Compl.").  The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, Defendants' motion is **GRANTED.**

I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This matter arises out of a dispute over child support payments. Plaintiff David Moss ("Plaintiff"), was ordered by the Superior Court of New Jersey (Union County, Family Part) to pay $171.00 a week in child support to Jeanne Moss, the custodial parent of their child, on September 18, 2015.  (ECF 8-4; Def. Ex. B, "2015 Order".)  Plaintiff was also ordered to pay $29.00 in weekly

arrears payments towards $66,114 in unpaid child support. (*Id.*) The 2015 Order stipulated that it would be enforced by the Probate Division of Union County. (*Id.*) Plaintiff's court-ordered weekly payment increased to $188.00 upon application for a Cost-of-Living Adjustment in July of 2021, but his weekly arrears payment remained at $29.00 (ECF 8-5; Def. Ex. C.).

In March of 2023, the Superior Court issued an order terminating Plaintiff's weekly child support payment when his child reached the age of nineteen. (ECF 8-6; Def. Ex. D, "Termination Order.") But the court increased his weekly arrears payment to $217.00 for previously unpaid child support and directed the Probate Division of Union County to submit a withholding order to the plaintiff's employer that reflected this change. (*Id.*) The Termination Order also called for a copy of the Termination Order to be sent to all parties. (*Id.*)

On April 30, 2024, Plaintiff, proceeding *pro se* filed an eight-count Complaint against defendants Jeanne Moss; the New Jersey Probation Services Division's Child Support Enforcement Unit; Jane and John Doe employees of that unit; the Superior Court of New Jersey (Union Vicinage) Probate Division ("Probate Division"); Jane and John Doe employees of that division; and specifically named individuals who work for that division, including Jennifer Edwards ("Edwards"), Edward Russo, Devang Merchant ("Merchant"), and Victoria Gray ("Gray"). (Compl. ¶¶ 5-18.) Plaintiff alleges that employees of the Probate Division conspired to "arbitrarily" discard the 2015 Order's weekly $29.00 arrears payment and improperly garnish his wages by $470.17 per week. (Compl. ¶¶ 22-26). Plaintiff also alleges that he was given no notice that this action was taken by the Defendants. (*Id.* ¶ 23) Count 1 of the Complaint alleges that Defendants violated 42 U.S.C. § 1983 by depriving him of his property without due process of law, and that they failed to properly train employees to protect his constitutional rights. (*Id.* ¶¶ 30-33.) Count 2 alleges conversion of Plaintiff's property with "malice, recklessness and total and

deliberate disregard for the constitutional and personal rights of Moss." (*Id.* ¶¶ 35-36.) Count 3 alleges a violation of Plaintiff's right to due process by failing to give him notice of the change in weekly payments. (*Id.* ¶¶ 38-39.) Count 4 alleges that Defendants' actions violated Plaintiff's substantive due process right to personal liberty under the Fourteenth Amendment. (*Id.* ¶¶ 41-42.) Count 5 alleges that Defendants Edwards, Merchant (referred to in the complaint as "Devang"), and Gray violated 42 U.S.C. § 1983 by intentionally failing to train employees in furtherance of the alleged conspiracy to commit fraudulent acts and violate the plaintiff's Constitutional rights. (*Id.* ¶¶ 44-46.) Count 6 alleges that Defendants are unconstitutionally discriminating against him as a "Black non-custodial parent" in violation of the Fourteenth Amendment. (*Id.* ¶¶ 51-56.) Count 7 alleges that Plaintiff was deprived of liberty without due process of law because (1) Defendants failed to notify him, and (2) the income withholding order, which he alleges was not authorized by a judge, was fraudulent. (*Id.* ¶¶ 57-62.) Finally, Count 8 alleges that Defendants conspired to create a fraudulent income withholding order, and to violate his aforementioned rights. (*Id.* ¶¶ 68-69.)

Plaintiff alleges that these actions have resulted in "physical and mental abuse" and "continuous psychological injury." (*Id.* ¶¶ 65-66.) The plaintiff has requested that this Court (1) hold that the income withholding order and 2023 child support order be voided as fraudulent, (2) enter a judgement declaring that Defendants violated Plaintiff's rights, (3) issue permanent injunctions prohibiting Defendants from enforcing their orders and requiring them to serve him notice for any future changes, and (4) award costs and attorneys' fees. (*Id.* at 15-16.)

Judiciary Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on February 18, 2025. (ECF 8-8, "Def. Br.") The defendants argue that plaintiff's entire complaint should be barred by the *Younger* abstention doctrine. (Def. Br. at

2). The defendants also state that the claims against the various organizations cited are barred by Eleventh Amendment immunity, and that the claims against the individual Judiciary Defendants are barred by quasi-judicial immunity. (*Id.*)

Defendants further contend that (1) the claims against individual defendants fail as an improper group pleading, (2) plaintiff's claim that his arrears payments should have been lowered in 2023 is contradicted by governing state law, (3) plaintiff's equal protection claims is conclusory and "does not identify a similarly-situated litigant not in a protected class who was treated differently", and (4) that the plaintiff's conversion claim is barred by the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1, et seq. (*Id.* at 3.)

As of the date of this Opinion, Plaintiff has not filed an opposition to the Motion to Dismiss, and Defendants have not filed a reply in support of the Motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). "The former challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge attacks the allegations underlying the complaint's assertion of jurisdiction, "either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

Motions to dismiss for lack of standing are best understood as facial attacks. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the [a]mended [c]omplaints lack sufficient factual allegations to establish standing."). In assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1), courts must apply the familiar 12(b)(6) standard. *Id.* ("In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim"); *see also Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.").

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

III. **ANALYSIS**

In his Complaint, Plaintiff asserts that this court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), invoking federal question and original jurisdiction arising from alleged deprivations of his rights under the U.S. Constitution. (Compl. at 3, ¶ 1.) All of Plaintiff's eight counts allege that Defendants violated 42 U.S.C. § 1983 in various ways relating to the state-level child support proceedings Plaintiff seeks to overturn. (Compl. ¶¶ 29-69.)

The Judiciary Defendants counter that this court "should refrain from exercising jurisdiction pursuant to the *Younger* abstention doctrine." (Mot. at 10.) "The *Younger* abstention doctrine directs district courts to 'abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.' A district court appropriately abstains pursuant to *Younger* if: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the

federal claims." *Frederick of Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250, 251 (3d Cir. 2019) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010)).

Here, all three *Younger* factors are met. "In New Jersey, child support orders and the mechanisms for monitoring, enforcing and modifying them comprise a unique system in continual operation." *Anthony v. Council*, 316 F.3d 412, 420 (3d Cir. 2003). Here, Plaintiff Moss "is party to an open case that will not terminate until the child support order is finally discharged. The New Jersey courts retain continuing, exclusive jurisdiction over these matters[.]" *Id*. The Third Circuit has established that "New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations." *Id*. at 421. Finally, Plaintiff has "offered no reason why [his] claims could not be fully heard by New Jersey courts." *Id*. at 422.

Further, Plaintiff has not alleged bad faith, harassment, or any other extraordinary circumstance beyond his conclusory and unsupported allegations of fraud that would preclude the court from abstaining from jurisdiction under *Younger*. As such, the Court cannot to exercise jurisdiction in this case.

### IV.   CONCLUSION

For the reasons stated above, the Complaint is hereby **DISMISSED with prejudice**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Michael A. Hammer, U.S.M.J.
       Parties